**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada, et al., ) ) ) ) | Case No.: 2:13-cv-01024-GMN-PAL |
| Plaintiffs, ) ) vs. ) ) Total Effects Enterprises, LLC; Marc Tucker; ) Ronda Tucker; and Washington International ) Insurance Company, ) ) Defendants. ) ) | **ORDER** |

Pending before the Court is the Motion to Strike (ECF No. 9) filed by Plaintiffs Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada; Trustees of the Bricklayers & Allied Craftworkers Local 13 Health Benefits Fund; Trustees of the Bricklayers & Allied Craftworkers Local 13 Vacation Fund; Bricklayers & Allied Craftworkers Local 13 Nevada; Trustees of the Bricklayers & Trowel Trades International Pension Fund; Trustees of the Bricklayers & Trowel Trades International Health Fund; and Trustees of the International Masonry Institute ("Trusts").

**I. BACKGROUND**

Plaintiffs initiated this action in June 2013, alleging claims against Defendants Total Effects Enterprises, LLC, Marc Tucker, and Ronda Tucker ("Total Effects Defendants"), and Defendant Washington International Insurance Company ("WIIC"). (ECF No. 1.) The Total Effects Defendants filed their Answer (ECF No. 7), and thereafter Plaintiffs filed the instant motion, requesting a Court Order striking the Answer as a whole for violation of Rule 11 of the Federal Rules of Civil Procedure, and in the alternative, striking the affirmative defenses (ECF No. 9). The Total Effects Defendants did not file a timely opposition.

On August 30, 2013, the Total Effects Defendants filed a Notice of Corrected Answer (ECF No. 17), including the proper signature as required by Rule 11.  Shortly after, the Total Effects Defendants filed an untimely response to the instant motion, noting the correction, but failing to address Plaintiffs' arguments as to the affirmative defenses. (ECF No. 18.)  Plaintiffs then filed a timely Reply (ECF No. 20).

On October 9, 2013, the Total Effects Defendants filed a Notice of Bankruptcy Upon the Record (ECF No. 24).

## II. DISCUSSION

First, the Court finds that the correction filed in August (ECF No. 17) is sufficient to render unnecessary any Rule 11 sanctions on the basis of the lack of signature.

Second, pursuant to the Notice of Bankruptcy (ECF No. 24), the Court recognizes the automatic stay that is in effect as to the Total Effects Defendants. *See* 11 U.S.C. § 362(a).  In consideration of this stay, and finding good cause, the Court finds that a decision on the merits of Plaintiffs' arguments to strike the affirmative defenses should be stayed at this time. Therefore, Plaintiffs' motion will be denied, but without prejudice as to these arguments.  Upon a presentation of good cause, or the lifting of the bankruptcy stay, the Court gives leave to Plaintiffs to renew their arguments in favor of striking these affirmative defenses.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Strike (ECF No. 9) is **DENIED without prejudice**, as described in this Order.

**DATED** this \_\_5\_\_ day of December, 2013.

_____
Gloria M. Navarro
United States District Judge